STATE OF MINNESOTA
IN SUPREME COURT



FILED

September 1, 2015

OFFICE OF
APPELLATE COURTS

In re Petition for Disciplinary Action against
Kevin Kenneth Shoeberg, a Minnesota Attorney,
Registration No. 204535.

ORDER

The Director of the Office of Lawyers Professional Responsibility filed a petition for disciplinary action and a supplementary petition for disciplinary action alleging that respondent Kevin Kenneth Shoeberg committed professional misconduct warranting public discipline, namely: failing to diligently handle a bankruptcy matter and failing to communicate with the client about that matter, in violation of Minn. R. Prof. Conduct 1.3 and 1.4(a)(3) and (4); failing to communicate with a client and return that client's property and papers when requested, in violation of Minn. R. Prof. Conduct 1.4(a)(4) and 1.15(c)(4); and failing to competently and diligently handle a client's dissolution of marriage and to communicate with that client, in violation of Minn. R. Prof. Conduct 1.1, 1.3, and 1.4(a)(3). The court appointed a referee. Following an evidentiary hearing, the referee filed findings of facts, conclusions of law, and a recommendation for discipline with the court. The referee concluded respondent committed the misconduct alleged in the petition and supplementary petition and recommended that respondent be publicly reprimanded and placed on supervised probation for 2 years.

1

The parties have now waived their rights to briefing and oral argument before this court and stipulated that the referee's findings and conclusions (except for two specific findings and two specific conclusions) are conclusive. The parties jointly recommend that the appropriate discipline is a public reprimand and 2 years of supervised probation.

The court has independently reviewed the file and approves the recommended disposition.

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that:

1.    Respondent Kevin Kenneth Shoeberg is publicly reprimanded.

2.    Respondent shall pay $900 in costs pursuant to Rule 24, Rules on Lawyers Professional Responsibility (RLPR).

3.    Respondent is placed on probation for 2 years, subject to the following conditions:

> (a)    Respondent shall cooperate fully with the Director's Office in its efforts to monitor compliance with this probation. Respondent shall promptly respond to the Director's correspondence by its due date. Respondent shall provide the Director with a current mailing address and shall immediately notify the Director of any change of address. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct that may come to the Director's attention. Upon the Director's request, respondent shall provide authorization for release of information and documentation to verify respondent's compliance with the terms of this probation;
>
> (b)    Respondent shall abide by the Minnesota Rules of Professional Conduct;
>
> (c)    Respondent shall be supervised by a licensed Minnesota attorney, appointed by the Director, to monitor compliance with the terms of this probation. Within 14 days from the date of the filing of this order,

2

respondent shall provide the Director with the names of four attorneys who have agreed to be nominated as respondent's supervisor. If, after diligent effort, respondent is unable to locate a supervisor acceptable to the Director, the Director shall seek to appoint a supervisor. Until a supervisor has signed a consent to supervise, respondent shall, on the first day of each month, provide the Director with an inventory of client files as described in paragraph (d) below. Respondent shall make active client files available to the Director upon request;

(d)    Respondent shall cooperate fully with the supervisor's efforts to monitor compliance with this probation. Respondent shall contact the supervisor and schedule a minimum of one in-person meeting per calendar quarter. Respondent shall submit to the supervisor an inventory of all active client files by the first day of each month during the probation. With respect to each active file, the inventory shall disclose the client name, type of representation, date opened, most recent activity, next anticipated action, and anticipated closing date. Respondent's supervisor shall file written reports with the Director at least quarterly, or at such more frequent intervals as the Director may reasonably request;

(e)    Respondent shall initiate and maintain office procedures that ensure that there are prompt responses to correspondence, telephone calls, and other important communications from clients, courts, and other persons interested in matters that respondent is handling and that ensure that respondent regularly reviews each and every file and completes legal matters on a timely basis; and

(f)    Respondent shall provide the Director, within 30 days of the date of the filing of this order, and the probation supervisor, once one has been appointed, a written plan outlining office procedures designed to ensure that respondent is in compliance with probation requirements. Respondent shall provide progress as requested.

Dated: September 1, 2015

BY THE COURT:

Lorie S. Gildea
Chief Justice

3