The Director of the Office of Lawyers Professional Responsibility filed a petition for disciplinary action against respondent Jay Mager Donohue after the Presiding Disciplinary Judge of the Supreme Court of Colorado suspended him for 1 year and 1 day, with 9 months served and the remainder stayed upon successful completion of probation. See People v. Donohue , Case No. 17PDJ078, 2018 WL 1403002, at *1 (Colo. O.P.D.J. Feb. 27, 2018). Respondent was suspended in Colorado after he represented clients on two occasions despite a conflict of interest, used an improper retainer agreement for a nonrefundable flat fee, and made improper threats. Respondent's misconduct violated Colo. R. Prof. Conduct 1.5(g), 1.7(a)(2), and 4.5(g). Respondent has since been reinstated in Colorado.
The parties have filed a stipulation for discipline with the court. In it, respondent waives his procedural rights under Rule 12(d), Rules on Lawyers Professional Responsibility (RLPR), and unconditionally admits the allegations in the petition. The parties jointly recommend that the appropriate discipline is a 90-day suspension, retroactive to February 27, 2018, the date of respondent's Colorado suspension, and that no period of probation be imposed if respondent is reinstated to the practice of law in Minnesota. The parties contend that reciprocal discipline is not appropriate in this case because the imposition of the same discipline would be substantially different than the discipline warranted in Minnesota.
The court has independently reviewed the file and approves the jointly recommended disposition. Although we typically impose identical discipline in a reciprocal disciplinary proceeding, identical discipline is not required if it is "substantially different from [the] discipline warranted in Minnesota." Rule 12(d), RLPR. We have imposed less-severe discipline in similar cases involving conflicts of interest. See In re Kraus , 888 N.W.2d 124, 124 (Minn. 2016) (order) (issuing a public reprimand for misconduct that included representing a client despite a conflict of interest and using an improper fee agreement for a flat fee); In re Kennedy , 875 N.W.2d 847, 847 (Minn. 2016) (order) (issuing a public reprimand for misconduct that included engaging in representation despite a conflict of interest); In re Kalla , 811 N.W.2d 576, 582-84 (Minn. 2012) (issuing a public reprimand for representing clients with adverse interests in the same matter). We conclude that a 1-year-and-1-day suspension, with 9 months served and the remainder stayed upon successful completion of probation, is substantially different from the discipline warranted in Minnesota and agree that a 90-day suspension is appropriate.
Based upon all the files, records, and proceedings herein,
IT IS HEREBY ORDERED THAT:
1. Respondent Jay Mager Donohue is suspended from the practice of law for a minimum of 90 days, retroactive to February 27, 2018.
2. Respondent shall comply with Rule 26, RLPR (requiring notice of suspension to clients, opposing counsel, and tribunals).
3. Respondent shall pay $900 in costs pursuant to Rule 24, RLPR.
*208 4. Respondent is eligible for reinstatement to the practice of law. In order to be reinstated, respondent must file with the Clerk of the Appellate Courts and serve upon the Director an affidavit establishing that he is current in continuing legal education requirements, has complied with Rules 24 and 26, RLPR, and has complied with any other conditions for reinstatement imposed by the court.
5. Within 1 year of the date of the filing of this order, respondent shall file with the Clerk of the Appellate Courts and serve upon the Director proof of successful completion of the written examination required for admission to the practice of law by the State Board of Law Examiners on the subject of professional responsibility. Failure to timely file the required documentation shall result in automatic re-suspension, as provided for in Rule 18(e)(3), RLPR.
BY THE COURT:
/s/ ______________________________
David L. Lillehaug
Associate Justice